UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEROME WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:17-CV-236 WL |
| | ) | |
| BESSIE LEONARD, MS. WILLIAMS, | ) | |
| MR. CANCHOLA, and VICKI LONG, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Jerome Williams, a pro se prisoner, filed an amended complaint in 3:15-CV-428 containing unrelated claims. An order in that case directed that this case be opened so that he could proceed on his related claims against Bessie Leonard, Ms. Williams, Mr. Canchola, and Vicki Long that they retaliated against him because he filed a lawsuit against the former superintendent. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "To prevail on his First Amendment retaliation claim, [Mr. Williams] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). "There is, of course, a *de minimis*

level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

> Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection. This objective inquiry is not static across contexts, but rather must be tailored to the different circumstances in which retaliation claims arise. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse.

*Dawes v. Walker*, 239 F.3d 489, 493 (2nd Cir. 2001) (citations and quotation marks omitted), *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir.1982).

Here, Williams alleges that on July 28, 2015, Law Library Supervisor Bessie Leonard retaliated against him by limiting him to the normal one law library visit per week rather than permitting him to have extended law library access so that he could research how to oppose the defendants' motion for additional time to file an answer. He alleges that after he won his prior lawsuit, she retaliated against him by refusing to allow him to shepardize some cases and to copy some documents. He alleges that on August 4, 2015, Lt. Williams retaliated against him by locking a door and making his escorting officer have him walk a longer route to meet with internal affairs. He alleges that on August 4, 2015, Officer Canchola retaliated against him by making him walk in front of other inmates while shackled. He alleges that on September 11, 2015, Executive Assistant Vicki Long retaliated against him by rejecting his timely grievances as untimely. None of these events would deter an inmate of ordinary firmness from continuing to exercise his First Amendment rights even if Williams could otherwise prove that these defendants were motivated to retaliate against him by his prior lawsuit against the former superintendent.

However, Williams does have one claim of retaliation that is not de minimis. On July 30, 2015, an inmate law library worker threatened to beat and rape him if he came to the law library. That offender was restrained by multiple officers, but Lt. Williams retaliated by allowing that inmate to return to his job in the law library and telling Williams that if he came back to the law library, he would be beaten and raped. This is not de minimis and would deter an inmate of ordinary firmness from exercising his First Amendment Rights. However, Williams has not pleaded sufficient facts to show that Lt. Williams was in any way motivated to act because he had sued the former superintendent.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations and footnote omitted). "[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*,

578 F.3d 574, 581 (7th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal* at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Such is the case here. Williams has not alleged facts from which it can be plausibly inferred that Lt. Williams personally knew about the previous lawsuit. If she did not know about that case, she could not have been motivated to retaliate against Williams because of it. Nor has he alleges facts from which it can be plausibly inferred that she was motivated to retaliate against him because of his former lawsuit even if she knew about it. Without facts showing that she was motivated to retaliate against him because of the former lawsuit, this complaint does not state a claim.

Nevertheless it is possible that Mr. Williams has additional facts which he did not include in this amended complaint. Therefore he will be given the opportunity to file an amended complaint in this case. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). This amended complaint must be limited to his claims against Bessie Leonard, Ms. Williams, Mr. Canchola, or Vicki Long. If he files another amended complaint, he needs to provide facts – not guesses, speculation, or legal conclusions. If Mr. Williams has no additional facts to add, he should not file an amended complaint. If he does have additional facts, he can obtain a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – from the prison law library.

For these reasons, Jerome Williams is **GRANTED** until April 20, 2017, to file an amended complaint and **CAUTIONED** that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED.

ENTERED: March 28, 2017

                                                        s/William C. Lee
                                                       William C. Lee, Judge
                                                       United States District Court